IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THERESA A. BEVILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0560-WS-C |
| | ) |
| TAYLOR WHARTON CRYOGENICS, | ) |
| LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the individual defendants' motion to dismiss. (Doc. 15). The plaintiff filed a response, (Doc. 19), the defendants declined to file a reply, (Doc. 16), and the motion is ripe for resolution.

The amended complaint, (Doc. 4), asserts claims of race and sex discrimination in violation of Title VII. (*Id*. at 2). The amended complaint names as defendants the entity the plaintiff claims was her employer, plus the six movants, whom she describes as "co-workers." (*Id*. at 3).

"[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis omitted). This is true even when the individual is the president and sole shareholder of the corporate employer. *Id*. at 932, 934.

The plaintiff's only response is that her "case has merit" and that she "ha[s] witnesses who are ready and willing to come to court." (Doc. 19). As discussed above, controlling law deprives her of any Title VII cause of action against the individual defendants, regardless of the merit of her case otherwise.

The movants ask that the dismissal of the Title VII claims against them be with prejudice. Such relief can be provided, but not before the plaintiff is given an opportunity to amend her complaint as against the individual defendants.[1]

For the reasons set forth above, the motion to dismiss is **granted**. The plaintiff's Title VII claims against the individual defendants are **dismissed**, without prejudice to the plaintiff's ability, on or before **February 19, 2016**, to file a second amended complaint properly stating a claim against the individual defendants, failing which the individual defendants shall be dismissed with prejudice.

DONE and ORDERED this 25th day of January, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Before dismissal with prejudice of a defendant for failure to state a claim, a pro se plaintiff must be given an opportunity to amend the complaint if a more carefully drafted version might state a claim. *E.g., Lee v. Alachua County*, 461 Fed. Appx. 859, 860 (11th Cir. 2012); *Schmitt v. United States Office of Personnel Management*, 403 Fed. Appx. 460, 462 (11th Cir. 2010).