IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THERESA A. BEVILLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0560-WS-C |
| | ) |
| TAYLOR WHARTON CRYOGENICS, | ) |
| LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

In May 2016, the plaintiff notified the Court that she would not seek relief from the automatic stay but would instead prosecute her claim against the debtor defendant in Bankruptcy Court. (Doc. 42 at 1). She appended to her notice her proof of claim. (Doc. 42-1). The Court recently ordered the plaintiff to show cause why, in light of these circumstances, her action as to the debtor defendant should not be dismissed without prejudice. (Doc. 64). The plaintiff elected to stand silent.

The filing of a bankruptcy petition generally "operates as a stay, applicable to all entities, of ... the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor ...." 11 U.S.C. § 362(a). However, "the application or non-application of § 362(a) to the dismissal of an action pending against a debtor should be made consistent with the purposes of the statute." *Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992). The twin purposes of the automatic stay are to give the debtor a breathing spell from its creditors and to protect creditors from the actions of other creditors. *Id*. When neither purpose is imperiled, Section 362(a) does not preclude dismissal. *Id*. Appellate courts have frequently approved dismissals that

do not implicate the purposes of the automatic stay.[1]  Those purposes would not be adversely affected by a dismissal of this action.

The plaintiff previously indicated a desire to "preserve the right to a trial by jury in the pending District Court action at the conclusion of the Bankruptcy" proceedings.  (Doc. 42 at 2).  By declining to respond to the Court's show-cause order, the plaintiff has failed to confirm that she retains this desire.  In any event, the plaintiff has not explained how she could later pursue this employment discrimination action after the bankruptcy proceedings are concluded.  The debtor's plan of liquidation went into effect in November 2016, so a dismissal of the bankruptcy proceedings without a final resolution appears unlikely.  That final resolution presumably will include an order discharging all dischargeable debts of the debtor, and the plaintiff has not indicated that her claim is, will be or could be subject to any exception to discharge.

For the reasons set forth above, this action as to the debtor defendant is **dismissed without prejudice**.

DONE and ORDERED this 17th day of April, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] *See id.* (granting the creditor's motion to dismiss its appeal as moot); *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1108-09 (9th Cir. 2006) (upholding dismissal of creditor's action under Rule 41(b) for failure to prosecute); *Arnold v. Garlock, Inc.*, 288 F.3d 234, 236-37 (5th Cir. 2002) (upholding dismissal of creditor's action under Rule 41(a)); *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) (upholding dismissal of creditor's action under Rule 41(b) for failure to comply with court orders); *Wachter v. Lezdey*, 34 Fed. Appx. 699, 701-02 (Fed. Cir. 2002) (dismissing creditor's appeal for lack of jurisdiction).